UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

SCOTT POOL                                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 5:10CV-180-R

ECMC *et al.*                                                                              DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Scott Pool, filed this *pro se* action using a Court-supplied general complaint form. Plaintiff lists as Defendants ECMC/OSI/Ed Fund, Diversified Collections, Student Loan Corp, and California Student Aid. In the portion of the complaint where Plaintiff is to state the grounds for filing this case in Federal Court, Plaintiff states, "They Broken so many Laws Rule's & Regulation's it not even Funny." In his statement of the claim, Plaintiff states that he took out a school loan to attend trucking driving school in 1989. He further states as follows:

> Little Did I Know that I did not qualify for this Federal Student Loan no one told me now here 20 years Later debt scavengers have got a Hold of the Loan They have garnished my and my wife's wages I am now on Disability They have garnished my Disability check They Have Taken our Tax Return For Many Years.

Plaintiff also states, "I say They Have Stolen more than $30,000 Dollars From me." As relief, Plaintiff states, "I want my money back that they have stolen from me; I want Payment For Pain & Suffering This has been going on 20+ years its time to Stop the insanity."

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins.*

*Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998). The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377. Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

In the present case, Plaintiff has not met his burden of establishing federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff cites no U.S. Constitutional provisions or federal statutes in support of his claim. To the extent that Plaintiff seeks a discharge of his federal

student loan based on a disability, Plaintiff must seek discharge of his student loan through an administrative claim with the U.S. Department of Education pursuant to 20 U.S.C. § 1087(a). Plaintiff cannot file suit in U.S. District Court unless he has exhausted administrative remedies.

Additionally, Plaintiff fails to establish diversity jurisdiction under § 1332. To give rise to jurisdiction under § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. To determine whether the amount in controversy exceeds the jurisdictional amount, the Court relies on the amount alleged in the complaint. *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990). In the complaint, Plaintiff states that Defendants "Have Stolen more than $30,000 Dollars From me, " and he seeks "Payment for Pain & Suffering." Damages for pain and suffering are available to "a plaintiff who recovers the medical expenses incurred in treating an injury." *Adam v. J.B. Hunt Transp.*, 130 F.3d 219, 224 (6th Cir. 1997) (citing *McVey v. Berman*, 836 S.W.2d 445, 449 (Ky. App. 1992)). Thus, damages for pain and suffering are not available to Plaintiff since he has not alleged a physical injury. The amount of damages alleged in the complaint, therefore, does not exceed $75,000, and Plaintiff fails to meet his burden of establishing the jurisdictional amount in controversy.

Accordingly, because Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, the Court will dismiss this action by separate Order.
Date:

cc: Plaintiff, *pro se*
4413.010